UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Anthony Burnett</u>

    v.                                            Case No. 10-cv-385-PB

<u>United States of America</u>

### O R D E R

Anthony Burnett has been litigating his § 2255 motion for nearly two years. During this time, I have resolved all of the claims presented by his court appointed counsel. I have also given Burnett multiple opportunities to present an ever-growing series of pro se claims. It is now time to bring this protracted proceeding to an end.

During the last hearing on this matter, I gave Burnett a final opportunity to identify his remaining claims. These claims can be divided into two categories. The first centers on his claim that the government suborned perjury by Joanne Rousseau. Although petitioner offers a variety of arguments to support his claim that Rousseau testified falsely, he has failed to provide any support for his contention that the government was aware that Burnett's testimony was false. It is always possible to marshal arguments to challenge the veracity of a government's witnesses after a case has ended. A § 2255 motion,

however, is not an opportunity to relitigate the case.  None of Burnett's arguments call the veracity of Rousseau's testimony into serious question and he has offered nothing to support his claim that the government suborned perjury.  Accordingly, Burnett is not entitled to relief for this reason.  See Abrante v. St. Amand, 595 F.3d 11, 18 (1st Cir. 2010).

   The second category of claims alleges ineffective assistance of counsel.  Here, again, Burnett's claims are insufficiently developed to entitle him to relief.  The errors he cites all concern either permissible tactical judgments or inconsequential second guessing of trial counsel's performance.  None of the claimed errors either individually or collectively could have possibly affected the outcome of the case as the government presented overwhelming evidence at trial of the defendant's guilt.  Thus, Burnett cannot prevail on his ineffective assistance of counsel claims because he has failed to demonstrate both that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

   In a last ditch effort to keep this case alive, Burnett has attempted yet again to inject new issues into the case.  I decline to consider these claims because Burnett has failed to explain why he failed to present the claims at earlier stages of

2

these proceedings.

Burnett's motion for § 2255 relief is denied.  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Habeas Corpus Cases Under Section 2254; First Cir. LR 22.0.

SO ORDERED.

                                           /s/Paul Barbadoro
                                           Paul Barbadoro
                                           United States District Judge

August 3, 2012

cc:   Anthony Burnett, pro se
      Cathy J. Green, Esq.
      Seth Aframe, Esq.