UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Anthony Burnett

    v.                                Case No. 10-cv-385-PB

United States of America


**O R D E R**


On August 3, 2012, I issued an order disposing of Anthony Burnett's remaining § 2255 claims (Doc. No. 54). I later vacated that order after the parties informed the court that the government had located legal files belonging to Burnett that he claimed he needed to prosecute his § 2255 motion. After ensuring that Burnett was provided with copies of his files, I gave him a new opportunity to seek an evidentiary hearing. He has responded with a 40-page supplemental § 2255 motion and a reply brief in which he seeks to demonstrate his entitlement first to an evidentiary hearing and ultimately to an order vacating his conviction (Doc. Nos. 83 and 88).

Although Burnett has been claiming for some time that his legal files contained vital information that he would be able to use to establish his right to § 2255 relief, his amended petition contains no new information that causes me to reassess

my prior determination that his §2255 motion should be denied. As the government notes in its objection to Burnett's most recent filing, a § 2255 petitioner does not gain a right to an evidentiary hearing merely by making conclusory assertions that his constitutional rights have been violated. Because Burnett's amended § 2255 motion contains no new information, I stand by my prior ruling that Burnett has failed to call the veracity of Joanne Rousseau's testimony into serious question. Nor has he otherwise presented a credible claim that the government otherwise suborned perjury or failed to disclose exculpatory evidence. Finally, as I have explained, his ineffective assistance of counsel claims are defective either because they are unsupported conclusory assertions or because they address issues of legitimate strategic and tactical judgment that do not entitle a defendant to § 2255 relief merely because they were ultimately unsuccessful.

Burnett was convicted of serious crimes on the basis of overwhelming evidence. He was represented by competent counsel and the government did not withhold exculpatory evidence or suborn perjury. He has been given the benefit of competent counsel to represent him on his § 2255 motion and I have given him a fair opportunity to present additional arguments to support his claim on a pro se basis. It is time for this lengthy process to come to an end. Burnett's request for an

evidentiary hearing is denied and I reinstate my August 3, 2012 Order denying Burnett's claim for § 2255 relief.

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 11, 2013

cc: Anthony Burnett, pro se
    Cathy Green, Esq.
    Seth Aframe, AUSA